Barron v. Levinson, 191 Ill. App. 35.

## Thomas A. Barron, Plaintiff in Error, v. Isidor Levinson, Defendant in Error.

### Gen. No. 18,567. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 31, 1914.

## Statement of the Case.

Action by Thomas A. Barron against Isidor Levinson to recover damages for injuries to plaintiff's flat alleged to have been caused by defendant as a tenant. It appeared that in April, 1910, the defendant rented a flat from the plaintiff and occupied it from that time until May 30, 1911, under a verbal lease from month to month. On May 1, 1911, plaintiff served on the defendant a thirty days' notice to quit. Defendant moved out on May 30, 1911, but retained the keys of the flat. The next day the plaintiff called on the defendant and asked him for the keys. Defendant refused to give them up but sent them by mail the next day. Plaintiff thus received the keys on June 2, 1911. According to the plaintiff's evidence, in which he is corroborated by three other witnesses, he found, when he entered the vacant flat on June 2nd, that some of the glass globes of the chandeliers were broken and scattered around the floor and others were missing; that several of the window shades were torn, and a large piece torn out of one of them had been thrown on the front porch; that one of the inner doors had been cut in several places as by an axe; that part of the grillwork between the first and second rooms was broken and one of the posts had apparently been chopped by an axe; that most of the window cords had been cut and some were hanging loose; that the woodwork was scratched, dented and splintered; and upon

the papered walls of the parlor and bedrooms had been written in colored chalk and with indelible pencils the words "Beware of Rats," and "Beware of Bed-Bugs." The undisputed evidence was that the flat was in good condition when the tenant moved in, and that the plaintiff was required to expend a considerable sum of money to repair the damage thus found after the tenant had moved. There was also evidence that a bitter feeling existed between the landlord and tenant. As opposed to this evidence, defendant testified that when he left the flat there "was no damage except such as might be termed 'ordinary wear and tear,'" and he produced two witnesses who testified that they were present when he moved out, and "saw no damage."

A trial was had by the court without a jury and the court found the issues for the defendant, upon the ground, as stated in the statement of facts certified to this court, "that the evidence failed to show that the defendant did or committed the acts complained of, or that the same were permitted to be done to the knowledge of the defendant." To reverse the judgment, plaintiff prosecutes a writ of error.

ROST & SMITH, for plaintiff in error.

GORMAN, POLLOCK, SULLIVAN & LIVINGSTON, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 197*—*when finding as to injury to premises by tenant contrary to evidence.* In an action by a landlord to recover damages to his flat alleged to have been caused by the defendant as his tenant, a finding in favor of defendant *held* contrary to the weight of the evidence, where a preponderance of the evidence showed that the damage was done after notice to quit had been served on defendant and before he turned over the keys

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to the flat, and it also appeared that he refused to turn over the keys on the next day after he moved out, but returned them by mail so that plaintiff did not receive them until two days thereafter, and it did not appear that defendant denied that he was at the premises in the interim between the time he moved out and the time plaintiff received the keys by mail, from which fact a reasonable inference would arise that the damage was deliberately committed either by the defendant himself or by some one for whose acts he was responsible.

2. EVIDENCE, § 40*—*when failure to deny material fact raises presumptive evidence would be unfavorable.* There is a well-established principle of law that where a fact material to the issue is within the knowledge of one of ,the parties to a lawsuit, the failure to disclose such fact, when the opportunity is offered, gives rise to the presumption that the evidence would have been unfavorable.